**Willie Lee GRAY, Jr., Appellant,**

v.

**STATE of Alaska; Appellee.**

**No. 1354.**

Supreme Court of Alaska.

July 26, 1971.

---

Victor D. Carlson, Public Defender, Michael L. Rubinstein, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Harold W. Tobey, Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

PER CURIAM.

Appellant was found guilty of first degree murder and he was sentenced for a period of life imprisonment. He now appeals the sentence imposed.

Appellant was convicted at an initial trial on one count of first degree murder and one count of second degree murder for the killing of a police officer in the commission of an armed robbery. These convictions were overturned by this court in Gray v. State, 463 P.2d 897 (Alaska 1970), and a new trial was ordered solely as to appellant herein.

Upon retrial, appellant was again found guilty of first degree murder of Benjamin F. Strong, an Anchorage police officer who was on stake-out duty at a Brown Jug Liquor Store in Anchorage, Alaska. Appellant and his brother, Dewey Gray, who was armed, entered the store where they tied up the clerk and placed her in the back room. During the course of events, Officer Strong attempted to apprehend both parties. In the struggle that ensued Willie Gray was wounded in the leg and Officer Strong was shot and killed by Dewey Gray.

Dewey Gray was previously sentenced to life imprisonment upon his conviction, and at the conclusion of the second trial appellant was similarly sentenced to life imprisonment, after asserting that a sentence of ten to fifteen years with five years suspended would be an appropriate punishment herein.

In light of the facts presented, we find that the trial court was within the zone of reasonableness in imposing the sentence it did under State v. Chaney, 477 P.2d 441 (Alaska 1970), and State v. Armantrout, 483 P.2d 696 (Alaska 1971), for appellant's participation in the most serious crime proscribed by our law. We find that the trial court was peculiarly in a position to judge the necessity for this punishment in view of the two trials in which he participated and in view of all of the testimony which he had heard during the course of events which led up to the verdict of the jury herein.

The sentence is hereby affirmed.